People v Jones (2026 NY Slip Op 01468)

People v Jones

2026 NY Slip Op 01468

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Ind. No. 70187/22|Appeal No. 6093|Case No. 2023-04841|

[*1]The People of the State of New York, Respondent,
vJefferey Jones, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Order, Supreme Court, New York County (Ann Thompson, J.), entered on or about August 29, 2023, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The SORA court providently exercised its discretion when it denied defendant's request for a downward departure, and defendant has presented no basis for this Court to exercise its independent discretion to adjudicate him a level two offender (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant has demonstrated an extremely high risk of recidivism, evidenced by his repeated convictions for forcible touching (Penal Law § 130.52) and his prior conviction for sexual abuse in the third degree (Penal Law § 130.55). These convictions resulted in defendant being twice adjudicated as a level two sex offender and once as a level two predicate sex offender, none of which deterred the instant offense for persistent sexual abuse. Moreover, his claim that the type of misconduct he engaged in did not warrant a level three adjudication is unpersuasive (see e.g. People v Corian, 77 AD3d 590, 590 [1st Dept 2010], lv denied 16 NY3d 705 [2011]). Defendant's completion of substance abuse treatment, his family support, and his release to specialized supervision were adequately accounted for in the risk assessment instrument (see People v Austin, 237 AD3d 572, 574 [1st Dept 2025]). In any event, defendant's cited mitigation was outweighed by the nature of the instant offense and his criminal history, including his "repetitive and compulsive pattern of offending behavior" (see People v Torres, 220 AD3d 514, 515 [1st Dept 2023], lv denied 41 NY3d 908 [2024]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026